By the court.
WjyriES, J.
I do not think it was necessary, that the declaration should contain the allegations which have not been proved, and which furnish the ground of the present motion. It was unnecessary to stqte these circumstances in the declaration.* *22 1 am of opinion they are immaterial in this cause ; and notwiliistanding the case in Douglas, Bristow v. Wright, I cannot conce‘v’o it necessary, that immaterial averments in a declaration ought to be required to be proved.
Jambs and RotiimJjiler, for plaintiff. Falconer and Brevard, for defendant.
Where the matter charged partakes of the cause of action, and where the not proving it substantially, as charged, would be injurious to tlie defendant, by exposing him to the danger of a surprize ; in which evidence might be given, to prove a case so different from the case set forth in the declaration, that the declaration would not afford sufficient notice of the case intended to be proved at the trial; there I should hold it to be necessary, that the plaintiff should bo held to produce the necessary evidence to prove the case substantially as laid. The proof ought not to be substantially or totally different. But where the variance of the proof from the allegations of record, arc not substantial and material, but circumstantial and immaterial, I see no necessity to consider them of consequence. All such immaterial allegations I think may be rejected as surplusage. This a matter of practice, a creature of the court. The practice of the English courts, is, in this respect, extremely strict and technical. I see no occasion to adopt so rigid a practice here.
Nonsuit refused ; and verdict for the plaintiff.
The same grounds were taken afterwards, in this cause, by tl^ defendant’s counsel, in the Constitutional Court at Columbia, on motion for a new trial, and a new trial was granted.

 If the plaintiff declares on a special agreement, in indebitatus assumpsit, and has also other general counts in his declarations, if he fails in proving the special agreement, he may go into evidence on the general counts. Bull N. P. 139. 1 Esp. Dig. 140. Doug. 628. But where the plaintiff declares on a 0011. tract, which is entire, the plaintiff must recover on the whole contract taken to. gether, and cannot either apportion, or recover on the common .counts. 1 Esp. Dig. 140. 6 T. R. 320. Salk. 65, The plaintiffs proofs must correspond with liis title as laid in the declaration. Salk, 283, 28. Bull. N. P. 129. 5 Esp. Rep. 33. On a count of insimul compntasset, the plaintiff is not obliged to prove the exac^ ¡5VUM Iqid, but may recover part of the stun demanded, Bull, N. P. 129.